**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X      Case No.:
ALICIA BETANCOURT,

                                      Plaintiff,      **COMPLAINT**

             -against-

S.L.A. REALTY CORP. d/b/a SAMSON MANAGEMENT      **PLAINTIFF DEMANDS**
LLC,      **A TRIAL BY JURY**
And ARLENNE GOLDSTEIN, individually

                              Defendants.
-----------------------------------------------------------------------X

       Plaintiff, ALICIA BETANCOURT, by and through her attorneys, LAW OFFICE OF YURIY

MOSHES, P.C., hereby brings this action against Defendants, upon information and belief, as

follows:

## NATURE OF THE CASE

1.     Plaintiff complains pursuant to the <u>New York State Human Rights Law</u>, New York

       Executive Law § 296, *et. seq*. ("NYSHRL"), and seeks damages to redress the injuries

       Plaintiff has suffered as a result of being **Discriminated against** by her employer solely

       due to her **Disability (Heart Attack)**.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is proper under 28 U.S.C. §1332.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the Southern District of

       New York is the judicial district in which a substantial part of the events or omissions

       giving rise to the claim occurred.

## PARTIES

4.      That at all times relevant hereto, Plaintiff ALICIA BETANCOURT ("BETANCOURT"), is a resident of the State of Connecticut

5.      That at all times relevant hereto, Defendant S.L.A. REALTY CORP. d/b/a SAMSON MANAGEMENT LLC.("SLA") was a domestic professional service corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at: 118-35 Queens Blvd, Suite 1710, Forest Hills, New York, 11375.

6.      That all times relevant hereto, Defendant SLA employs more than fifty (50) employees.

7.      That at all times relevant hereto, Plaintiff BETANCOURT was an employee of Defendant SLA.

8.      That at all times relevant hereto, Defendant ARLENNE GOLDSTEIN ("ARLENNE") employed Plaintiff along with Defendant and is a resident of the state of New York.

9.      Defendant SLA and Defendant ARLENNE are collectively referred to herein as "Defendants."

## MATERIAL FACTS

10.     In or around September 2017, Plaintiff BETANCOURT began working for Defendant SLA as a "Housekeeper" earning $700 per week.

11.     In or around September 2017, Plaintiff BETANCOURT worked for Defendant ARLENNE at her residence in 32 Kenilworth Rd, Rye, New York 10580, which is where the discriminatory conduct took place.

12.     As a Housekeeper, Plaintiff BETANCOURT's responsibilities included cleaning the rooms and interior of Defendant ARLENNE's house at 32 Kenilworth Rd, Rye, New York.

13.     Throughout her tenure with Defendants, Plaintiff BETANCOURT was a satisfactory

employee.

14.     On September 19, 2020, Plaintiff BETANCOURT suffered from a heart attack and was sent to Stamford Hospital at One Hospital Plaza, Stamford, CT 06902.

15.     On September 19, 2020, Plaintiff's sister in law, Maria Never Sanchez, called Defendant ARLENNE regarding Plaintiff's heart attack and of her loss of consciousness due to the heart attack.

16.     On September 20, 2020, Plaintiff's husband Diego Fernando Norena, also an employee of Defendants  informed Defendant ARLENNE about Plaintiff's heart attack. He  was then informed by Defendant ARLENNE that Plaintiff's employment was terminated.

17.     Defendants' reason for terminating Plaintiff BETANCOURT was due to Plaintiff's disability, the termination occurring only moments after learning of the disability.

18.     But for the fact that Plaintiff BETANCOURT has a disability, Defendants would not have terminated Plaintiff BETANCOURT.

19.     Defendant SLA had full knowledge and  made no efforts to employ Plaintiff BETANCOURT in another capacity or to rectify Defendant ARLENNE's unlawful termination.

20.     Defendants' actions and conduct were and are intentional and intended to harm Plaintiff BETANCOURT.

21.     Plaintiff BETANCOURT has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

22.     As a result of Defendants' actions, Plaintiff BETANCOURT feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

23.  As a result of the acts and conduct complained of herein, Plaintiff BETANCOURT has suffered and will continue to suffer the loss of income, the loss of a salary, benefits, and other compensation which such employment entails, and Plaintiff BETANCOURT  has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

24.  Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff BETANCOURT demands Punitive Damages against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK STATE HUMAN RIGHTS LAW**

25.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

26.  The New York State Executive Law §296 (1)(a)  provides that, "It shall be an unlawful discriminatory practice: (a)  For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

27.  Defendant ARLENNE engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(1)(a) by terminating Plaintiff after learning of Plaintiff's disability.

### AS A SECOND  CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

28.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

29.    The New York State Executive Law §296(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

30.    Defendant SLA  engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct.

### JURY DEMAND

31.    Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL by, discriminating and retaliating against Plaintiff on the basis of her disability.

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.

Dated:  Brooklyn, New York
          March 1, 2023

                                    **MOSHES LAW, P.C.**

                         By:    /s/ Oscar Alvarado
                                Oscar Alvarado, Esq.
                                *Attorneys for Plaintiff*
                                517 Brighton Beach Ave. 2nd Floor
                                Brooklyn, NY 11235
                                (718) 504-6090
                                oalvarado@mosheslaw.com